Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000332
29-MAY-2019
08:10 AM

NO. CAAP-18-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ISRAEL VEGA MALAVE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1FFC-17-0000115)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Israel Vega Malave (Malave) appeals from the Judgment of Conviction and Sentence, entered on March 13, 2018, in the Family Court of the First Circuit (family court).[1] Following a jury trial, Malave was found guilty of two counts of Sexual Assault in the First Degree (Sex Assault 1), in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (2014).[2] On appeal, Malave claims: (1) the family court did not have subject matter jurisdiction because Malave was not the

---

[1] The Honorable Shirley M. Kawamura presided.

[2] HRS § 707-730 provides, in relevant part:

§707-730 **Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:

. . .

(b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]

1

parent and/or legal guardian of SJA, nor did he have physical custody of SJA; (2) the family court erred in failing to instruct the jury on the lesser included charge of Sexual Assault in the Third Degree (Sex Assault 3), under HRS § 707-732(1)(b) (2014)[3]; and (3) trial counsel provided ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Malave's points of error as follows.

(1)   Under HRS § 571-14(a)(1) (Supp. 2017), the family court has exclusive original jurisdiction "[t]o try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody . . . ."   In State v. Alagao, 77 Hawai'i 260, 883 P.2d 682 (App. 1994), this court adopted the definition of physical custody, as defined in HRS § 583-2(8) (1985) (Hawaii's Uniform Child Custody Jurisdiction Act), as actual possession and control of a child.

At the time of the alleged offenses, Malave was married to SJA's mother (Mother). SJA lived with Mother, Malave, and SJA's two half-siblings. Malave watched and cared for SJA and her half-siblings while Mother was at work. During these times, Malave would cook meals, do laundry, discipline SJA, and sometimes help SJA with her homework. SJA was expected to follow Malave's rules and obey him. SJA testified that the offenses generally occurred when Mother was at work or asleep. Based upon this record, we conclude that Malave had actual possession and control of SJA and thus had physical custody of SJA. The family court therefore had subject matter jurisdiction over this matter.

(2)   Malave was charged with and convicted of Sex

---

3       HRS § 707-732 provides, in relevant part:

§707-732 **Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:

. . .

(b)   The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

Assault 1.[4] Malave contends that for the counts of which he was convicted, the family court erred in failing to instruct the jury on the lesser included offense of Sex Assault 3. Malave concedes that the jury instructions were given by agreement of both parties and that Malave did not request any lesser included offense instruction. Despite the lack of objection below, Malave contends on appeal that the family court "had a duty to properly instruct the jury on all applicable lesser included charges even in the absence of a request by one of the parties."

In the absence of any request by Malave for the lesser included offense instruction at trial, we review this contention on appeal for plain error. See State v. Kinnane, 79 Hawai'i 46, 50, 897 P.2d 973, 977 (1995). The Hawai'i Supreme Court has held that a trial court is obligated to give a lesser included offense instruction when there is a rational basis for it in the evidence, even if no request or objection is made by the parties. State v. Nichols, 111 Hawai'i 327, 342, 141 P.3d 974, 989 (2006) (citing State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001), overruled on other grounds by State v. Flores, 131 Hawai'i 43, 314 P.3d 120 (2013)). "[J]ury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Flores, 131 Hawai'i at 51, 314 P.3d at 128 (citation omitted).

Sex Assault 3 is a lesser included offense of Sex Assault 1. See State v. Mueller, 102 Hawai'i 391, 398, 76 P.3d 943, 950 (2003), superseded on other grounds by statute, HRS § 707-700 (Supp. 2004), as recognized in State v. Behrendt, 124 Hawai'i 90, 109 n.25, 237 P.3d 1156, 1175 n.25 (2010). The only difference between Sex Assault 1 and Sex Assault 3 is that Sex Assault 1 requires an act of "sexual penetration" and Sex Assault 3 requires only "sexual contact." HRS §§ 707-730(1)(b), 707-

---

[4] Malave was originally charged by indictment of three counts of Sex Assault 1 (Counts 1-3) and three counts of Sex Assault 3 (Counts 4-6). After a jury trial, Malave was found guilty of Sex Assault 1 in Counts 1 and 3. The family court declared a mistrial on the remaining counts and set a new trial for a later date. The State subsequently filed a motion for *nolle prosequi* of the remaining counts (Counts 2, 4, 5, and 6).

732(1)(b); see HRS § 707-700 (2014). Thus, on appeal, we must determine whether the evidence in this case presented a rational basis for the jury to find that there was only sexual contact and no sexual penetration - i.e., whether there was a rational basis for the jury to acquit Malave of Sex Assault 1 and, alternatively, to convict him of Sex Assault 3.

In State v. Abdon, No. CAAP-13-0000086, 2014 WL 4800994, at *6-7 (Haw. App. 2014) (Mem. Op.), the defendant appealed his conviction of Sex Assault 1, arguing that the court erred in refusing to instruct the jury on the lesser-included offense of Sex Assault 3, over requests by both the defendant and the State. The minor complaining witness (CW) testified that the defendant subjected her to acts of sexual penetration and sexual contact while the defendant denied having intercourse with CW or touching her inappropriately. Id. at *1-2. We concluded that CW's testimony describing incidents of sexual penetration provided a rational basis to instruct the jury on Sex Assault 3 because "a rational juror could have inferred that there was 'sexual contact' prior to the penetration." Id. at *7. (quoting Behrendt, 124 Hawai'i at 110, 237 P.3d at 1176).

This case is distinguishable from Abdon because here, unlike the defendant in Abdon, Malave did not testify. The only evidence in the record, pertaining to the charges for which Malave was convicted, consists of SJA's testimony describing incidents of sexual penetration.[5] There is no evidence in the record contradicting SJA's testimony and suggesting that any actions short of penetration occurred.[6]

We therefore conclude that there is no rational basis

---

[5]     SJA testified that during the time periods covered in Counts 1 and 3, Malave "force[d] [SJA] to have sex with him." SJA testified that Malave would take SJA into the bedroom, "pull me by my arm and have me take off my clothes[,]" and then "he would stick his penis inside my vagina." SJA also recounted that Malave would occasionally "stick his fingers inside my vagina."

[6]     In his opening brief, Malave argues that the lack of DNA evidence showing that Malave had sexual intercourse with SJA provided a rational basis to acquit Malave of Sex Assault 1. We disagree. Only Count 1 involved penile sexual penetration, for which DNA evidence could be used. However, the Hawai'i Penal Code definitions state that sexual penetration "occurs upon any penetration, however slight, but emission is not required." HRS § 707-700. Thus, DNA evidence is not necessary to prove the charge and a lack of such evidence does not provide a rational basis to acquit Malave of the charge.

in the evidence on which a jury could acquit Malave of Sex Assault 1.   Accordingly, the family court did not err in failing to instruct the jury as to the lesser included offense of Sex Assault 3.

(3)   Malave's final point of error on appeal argues that Malave's constitutional right to effective assistance of counsel was violated due to trial counsel's failure to move to dismiss the charges for lack of jurisdiction and failure to request instructions on the lesser included offense of Sex Assault 3.   The defendant has the burden of establishing ineffective assistance of counsel and must meet this burden by showing: "(1) specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment, or diligence; and that (2) those errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense." Maddox v. State, 141 Hawaiʻi 196, 202, 407 P.3d 152, 158 (2017) (internal citation, brackets, and quotation marks omitted). Inasmuch as Malave's contention is based on his previous points of error, which we have rejected on the merits, we conclude that there is no basis on which to find Malave's trial counsel ineffective.

For the foregoing reasons, we affirm the March 13, 2018 Judgment of Conviction and Sentence entered by the Family Court of the First Circuit.

DATED:   Honolulu, Hawaiʻi, May 29, 2019.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge